United States District Court
Southern District of Texas
**ENTERED**
August 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ADRIANO BARCELOS OLIVEIRA AKA ADRINO BARCELOS OLIVEIRA,** **Petitioner,** | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00668** |
| **MIGUEL VERGARA, *et al.*,** **Respondents.** | § | |

## AMENDED MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order amends the Court's Memorandum Opinion and Order entered on August 12, 2026, (Dkt. No. 21). The Court's prior Memorandum Opinion and Order incorrectly referred to petitioner's pro se Petition for Writ of Habeas Corpus. In fact, Petitioner is represented by counsel. Other than removing the reference to "pro se" in the Court's prior order, there are no other changes.

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), and Petitioner's Advisory requesting leave to amend his Petition for Writ of Habeas Corpus, (Dkt. No. 20). Petitioner challenges his continued detention in federal immigration custody. After considering the petition and applicable law, the Court concludes that Petitioner's request for leave to amend his petition should be denied as futile and the petition should be dismissed without prejudice as premature.

The Rules Governing Section 2254 Cases may be applied to petitions for a writ of habeas corpus brought under Section 2241. Rules Governing Section 2254 Cases 1(b). The Rules provide that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.* at 4.

Petitioner is a citizen of Brazil. According to Respondents' Advisory filed on July 18, 2026, Petitioner was ordered removed to Brazil on May 21, 2026. (Dkt. No. 16). Petitioner did not file an appeal to the Bureau of Immigration Appeals by the deadline of June 22, 2026, at which point his removal order became final. (*Id.*).

The Court begins with the controlling statutory authority for Petitioner's detention, 8 U.S.C. § 1231. As he does not challenge the finality of his removal order, Section 1231 governs. The statute establishes procedures for the detention, removal, and release of noncitizens ordered removed. This statute mandates the detention of noncitizens ordered removed during the "removal period." *Id.* § 1231(a)(2)(A). Generally, the removal period begins when the order of removal becomes administratively final. Relevant regulations provide that:

> An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
> (a) *Upon dismissal of an appeal by the Board of Immigration Appeals*;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
> (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
> (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1 (emphasis added).

"Detention beyond a reasonable period without a significant likelihood of removal in the foreseeable future is unlawful" under *Zadvydas v. Davis*, 533 U.S. 678 (2001). While there is a six-month presumption of reasonable detention after an order of removal becomes final, Section 1231 requires detention for at least the 90-day removal period. *See id.*; 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the [Department of Homeland Security] shall detain the alien.").

Here, Petitioner has not been detained beyond the 90-day removal period. Petitioner has been detained fewer than two months since he was ordered removed, which means that his detention falls within the 90-day removal period. For this reason, the Court need not analyze whether he can overcome the presumption. Petitioner does

not demonstrate that his detention is unlawful because his detention has not exceeded the six month presumptively reasonable period, let alone the 90-day removal period. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Because Petitioner has not been in custody past the 90-day removal period, his petition is dismissed without prejudice as premature and his request for leave to amend his petition is denied. **Petitioner is advised that he may re-file his petition if he has not been removed after the removal period has expired.**

For the reasons stated above, the request for leave to amend, (Dkt. No. 20), is **DENIED**, and the petition, (Dkt. No. 1), is **DISMISSED without prejudice**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on August 14, 2026.

John A. Kazen
United States District Judge